# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Debra Jean Crawford, ) | |
| ) | |
| ) | Civil Action No.: 8:20-cv-03056-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kilolo Kijakazi, Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 19.) The Report addresses Plaintiff Debra Jean Crawford's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** for further administrative proceedings action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-3.) As brief background, on December 2, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (*Id.* at 2-3.)

1

Plaintiff previously filed a claim for DIB which was denied by an ALJ on December 7, 2016. (*Id*. at 1.) The review period for Plaintiff's instant claim began less than a month after the ALJ's denial of the first claim, on January 1, 2017. (*Id*. at 2.) The prior decision found Plaintiff had severe impairments which included "degenerative joint disease, status post right rotator cuff repair, asthma and obesity." (*Id*. at 16.) Considering these impairments, the ALJ determined Plaintiff "retained the RFC to perform less than a full range of light work." (*Id*.)

In this case, the ALJ determined Plaintiff had the severe impairments of "osteoarthritis of the right knee, status post right rotator cuff repair and asthma." (*Id.* at 2.) The ALJ also found Plaintiff had non-severe impairments including "degenerative changes in her hands, hypertension, hyperlipidemia, hypothyroidism, headache, atopic dermatitis, gastroesophageal reflux disease, Basedow's disease, insomnia, anxiety and depression." (*Id*.) The ALJ found Plaintiff had the following RFC:

> [T]hrough the date last insured, the claimant had the [RFC] to perform medium work as defined in 20 CFR 404,1567(c). She can lift/carry . . . 50 pounds occasionally and 25 pounds frequently. She can sit for six hours in eight hours and stand for six hours in eight hours and walk for six hours in an eight hour [workday]. She can never climb ladders, ropes and scaffolds and frequently climb ramps and stairs. She can occasionally kneel, crouch and crawl. She can occasionally reach overhead. She should avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dust, gases and unventilated environments and hazards.

(*Id.* at 3.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 3.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed this action on August 26, 2020. (ECF No. 1.)

2

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. (ECF No. 19.) In particular, the Magistrate Judge noted the ALJ failed to properly weigh the first ALJ's decisions which found Plaintiff was capable of performing less than a full range of light work. (*Id*. at 16.) Pointing out that Plaintiff's testimony at the instant hearing substantially supported her severe limitations in standing, walking and lifting "no more than half a gallon of milk," (*id*.), and that Plaintiff's weight had not changed since her hearing before the first ALJ (*id*. at 16-17), the Magistrate Judge found the ALJ did not appropriately explain what changes in Plaintiff's medical record supported his finding that she was now capable of performing medium work. (*Id*. at 17.) In particular, the Magistrate Judge explained the ALJ's insufficient analysis failed to elaborate "what improvements in Plaintiff's condition occurred" or "what findings and treatments" facilitated such an improvement. (*Id*. at 18.) The absence of any medical support for the stated improvements in Plaintiff's condition is especially stark because the ALJ's decision on this claim covered a period that began only one month after the previous ALJ rendered his determination. (*Id*.) Noting Plaintiff's impairments include "degenerative type conditions which generally do not improve over time," the Magistrate Judge questioned the likelihood of such a dramatic improvement. (*Id*.) The only improvement specifically noted in the ALJ's decision concerns Plaintiff's obesity. (*Id*.) However, the Magistrate Judge found no evidence on the medical record that Plaintiff's weight had changed substantially over the review period. (*Id*.) Instead, the medical record indicates Plaintiff's weight remained largely the same. (*Id*.) The Magistrate Judge concluded the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." (*Id*. at 19 (citing *Monroe v*. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)). Therefore, the Magistrate Judge reasoned the ALJ's determination constituted reversible error, and recommended the matter be remanded for further administrative proceedings on this

ground and Plaintiff's remaining allegations of error. (*Id.* at 19.)

The parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 19.) On September 27, 2021, the Commissioner informed the court he would not offer objections. (ECF No. 20.) Plaintiff similarly has not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 19 at 14-19.) The

Commissioner notified the court he will not file objections (ECF No. 20) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 21, 2021
Columbia, South Carolina